RAYMOND v COMMERCIAL CARRIERS, INC

Docket No. 94091. Submitted February 16, 1988, at Detroit. Decided August 26, 1988.

Jerry Raymond, personal representative of the estate of James Jackson, deceased, brought an action in the Wayne Circuit Court against Commercial Carriers, Inc., and Old Republic Insurance Company seeking the payment of no-fault personal injury protection benefits. Jackson was employed by Commercial Carriers to load a tractor-trailer with new cars, drive the vehicle from Michigan to the east coast, and unload the cars at the destination. Jackson received injuries to his shoulder, arm and neck when he slipped while attempting to tighten the chains holding the cars while at a rest stop on the Ohio Turnpike. Jackson received workers' compensation benefits for his injuries. Following cross-motions for summary disposition by all parties, the trial court, Thomas J. Foley, J., granted summary disposition to Commercial Carriers and James Jackson and denied summary disposition to Old Republic. Old Republic appeals from the order in regard to the award of summary disposition to Jackson and the finding that Jackson is entitled to receive no-fault benefits.

The Court of Appeals *held*:

Jackson's injuries were sustained while loading or unloading a vehicle in the course of his employment since his job required loading and unloading the cars from his trailer and the process of loading and unloading necessarily included ensuring that the chains properly secured the vehicles into place. The trial court erred in findings that Jackson's injuries were not sustained while loading or unloading the trailer.

Reversed and remanded for entry of summary disposition in favor of Old Republic Insurance Company.

1. INSURANCE — NO-FAULT — LOADING AND UNLOADING — PARKED VEHICLES.

No-fault coverage is not available where workers' compensation

REFERENCES

Am Jur 2d, Automobile Insurance §§ 114-118, 205 *et seq.*, 368.

Risks within "loading and unloading" clause of motor vehicle liability insurance policy. 6 ALR4th 686.

benefits are available to an employee who sustains injury in the course of his employment while loading, unloading, or doing mechanical work on a vehicle unless the injury arose from the use or operation of another vehicle (MCL 500.3106, subds [1][c] and [2]; MSA 24.13106, subds [1][c] and [2]).

2. INSURANCE — NO-FAULT — LOADING AND UNLOADING — PARKED VEHICLES.

An employee's injury occurs while "loading" or "unloading" a parked vehicle, for purposes of the no-fault act section which denies benefits in certain situations where the injured employee is eligible for workers' compensation benefits as a result of the injury, where the employee's job is to load new cars on a trailer, drive the trailer to its final destination and unload the cars and the employee is injured at a rest stop on the way to the destination while ensuring that the chains securing the cars to the trailer are tight (MCL 500.3106, subds [1][c] and [2]; MSA 24.13106, subds [1][c] and [2]).

*Marshall Lasser,* for plaintiff.

*Stegman & Kelin, P.C.* (by *James R. Stegman*), for defendants.

Before: HOLBROOK, JR., P.J., and DOCTOROFF and C. W. SIMON, JR.,* JJ.

PER CURIAM. Defendant Old Republic Insurance Company appeals by leave granted from an order denying summary disposition to Old Republic and awarding summary disposition to plaintiff Jerry Raymond, personal representative of the estate of James Jackson, deceased, in this action for no-fault personal injury protection benefits. In its order of summary disposition, the trial court found that Jackson was not injured during a loading or unloading process and therefore no-fault coverage was available. We reverse and remand.

The facts are undisputed. Jackson was employed by defendant Commercial Carriers, Inc., to drive a

* Circuit judge, sitting on the Court of Appeals by assignment.

tractor-trailer of new cars from Dearborn to the east coast. Jackson would load the cars on the trailer and unload them at the destination. As a regular practice, Jackson checked the load at every stop along the way to make sure that the chains were tight, the cars in their proper place, and the trailer and tires all right. If the chains had become loose, Jackson would use a ratchet bar to tighten the chains and pull the cargo securely down.

On the day of his injury, Jackson loaded the new cars onto the trailer at the terminal in Dearborn and secured them with chains. While stopped at a rest stop on the Ohio Turnpike en route to the east coast, Jackson checked the chains on the trailer and found them loose. He climbed up the side of the trailer to tighten the chains with the ratchet. While pulling down with his right hand and reaching up through the trailer to hold part of the ratchet with his left hand, Jackson's foot slipped off the ladder, leaving Jackson hanging by his left arm. Jackson received workers' compensation benefits for injuries to his shoulder, arm, and neck.

The sole issue presented on appeal is whether Jackson's injury was sustained while loading or unloading a vehicle. No-fault coverage is not available where workers' compensation benefits are available to an employee who sustains injury in the course of his or her employment while loading, unloading, or doing mechanical work on a vehicle unless the injury arose from the use or operation of another vehicle. MCL 500.3106, subds (1)(c) and (2); MSA 24.13106, subds (1)(c) and (2).

In *Bell v F J Boutell Driveaway Co*, 141 Mich App 802; 369 NW2d 231 (1985), this Court examined the intent of 1981 PA 209, the amendment to § 3106 which added subsection (2) and the prefa-

tory phrase in subsection (1)(c). We found it appropriate to broadly interpret the terms "loading" and "unloading" to effectuate the Legislature's intent to eliminate duplication of benefits (workers' compensation and no-fault) for work-related injuries except where the actual driving or operation of a motor vehicle is involved. *Bell, supra,* p 810. The interpretation set forth in *Bell* has been followed by this Court in subsequent cases analyzing whether the injury at issue was sustained while loading or unloading a vehicle. See, e.g., *Gibbs v United Parcel Service,* 155 Mich App 300; 400 NW2d 313 (1986) (the terms "loading" and "unloading" a parked vehicle include acts incidental to the completion of the loading or unloading process for purposes of § 3106(2), so that a UPS clerk, whose job included loading trailers and who, after finishing stacking packages in the back of a trailer, tripped when leaving the trailer, was held to have sustained her injury in the process of loading the trailer); *Gray v Liberty Mutual Ins Co,* 149 Mich App 446; 386 NW2d 210 (1986), lv den 425 Mich 885 (1986) (UPS driver who sustained injury when he bent over to pick up packages which had fallen on the truck floor while at a delivery destination was held to have sustained his injury while "unloading" his vehicle).

The factual circumstances presented in the instant case are almost identical to those presented in *Crawford v Allstate Ins Co,* 160 Mich App 182; 407 NW2d 618 (1987). In *Crawford,* plaintiff's employment as a driver included loading, unloading, and hauling new cars on a tractor-trailer. On the day of his injury, plaintiff loaded his trailer, secured the chains, and drove a short distance, but before leaving his employer's grounds he parked the truck and went to the employer's office to get some coffee. Upon returning to the truck, plaintiff

noticed a loose chain and climbed on the trailer to tighten the chain with a ratchet. Plaintiff was injured when the chain broke, plaintiff lost his balance, and fell to the ground. Recognizing that the activity of loading involves more than just putting freight onto a carrier and in the case of loading automobiles necessarily includes the requirement of securing the automobiles into place, this Court held that plaintiff was injured during the process of loading in the course of his employment within the meaning of § 3106.

We do not find the fact that Jackson was not on his employer's premises at the time of his injury a basis for distinguishing between the instant case and *Crawford.* In light of the intent behind § 3106, subds (1)(c) and (2) and the fact that Jackson's job required loading and unloading the cars from his trailer and that the process of loading and unloading necessarily included ensuring that the chains properly secured the vehicles into place, we believe the trial court erred in finding that Jackson's injuries were not sustained while loading or unloading the trailer.

We reverse the order of summary disposition in favor of plaintiff and remand this case to the trial court for entry of an order of summary disposition in favor of defendant Old Republic on plaintiff's claim for no-fault personal injury protection benefits.

Reversed and remanded. Jurisdiction is not retained.