Norman **MAHDESIAN**, Plaintiff,

v.

**WAUSAU INSURANCE COMPANY**, Defendant.

**No. 90–CV–70632–DT.**

United States District Court, E.D. Michigan, S.D.

Sept. 10, 1990.

William N. Bradford, Farmington Hills, Mich., for plaintiff.

Michael F. Schmidt, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This matter is before the Court on defendant, Wausau Insurance Company's, motion for rehearing. Pursuant to a Memorandum Opinion and Order dated August 13, 1990, 742 F.Supp. 1342, this Court denied defendant's motion for summary judgment and granted plaintiff's motion for summary judgment. Defendant timely filed this motion for rehearing consistent with this court's local rule 17(m), as well as Fed.R.Civ.P. 52(b), 59 and 60. This suit was brought to obtain no-fault benefits. The facts need not be reiterated. Instead, this Court incorporates those facts set forth in its August 13, 1990 Opinion.

## OPINION

In a motion for reconsideration, the movant must demonstrate a palpable defect by which the court and the parties have been misled and also show that a different disposition of the case must result from a correction thereof. E.D.MI Local Rule 17(m)(3). Motions for reconsideration which present the same issues already ruled upon by the court either expressly or by reasonable implication will not be granted. *Id.* Motions for reconsideration must also be served not later than 10 days from the date of entry of the order or judgment objected to. E.D.MI Local Rule 17(m)(1).

Defendant has based its motion for rehearing on three factors. The first and third can be grouped together since they are related. The second will be addressed separately.

## I.

Defendant's first and third arguments for reconsideration deal with prior cases in the Michigan Court of Appeals and the interpretation of a statute.

Defendant claims that contrary to this Court's Opinion and Order, plaintiff was, in fact, responsible for securing his own load. In its August 13, 1990 Opinion, this Court stated:

> ... Plaintiff had absolutely nothing to do with loading or unloading. Plaintiff could not have physically loaded or unloaded his steel. Nor was plaintiff responsible for initially securing his load.

Defendant claims that the court was misled with respect to this important fact since plaintiff was responsible for initially securing his load. Defendant has submitted a copy of one of plaintiff's admissions and an affidavit from the plaintiff's supervisor. These exhibits indicate that as part of his job duties, plaintiff was required to bind the load on the trailer. Accordingly, defendant submits that the facts in this case are indistinguishable from those in *Raymond v. Commercial Carriers*, 173 Mich.App. 290 (1988); *Crawford v. Allstate*, 160 Mich. App. 182, 407 N.W.2d 618 (1987) and *Grady v. City of Detroit*, No. 113013 (Mich.App. Feb. 12, 1990). According to defendant, the plaintiffs in those three Michigan Court of Appeals cases were responsible for securing their freight.

Where the state's highest court has not addressed an issue, defendant submits that an intermediate appellate court's judgment announcing a rule of law is a "datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." (Defendant's Motion for Rehearing, pg. 4, citations omitted). Furthermore, defendant submits that in fact, a broad interpretation of the statute and the words loading and unloading, do exist for the purpose of preventing double recovery.

This Court recognizes that some courts have attempted to prevent double recovery by broadly interpreting the statute and the terms loading and unloading. However,

this Court was not persuaded by those cases. This Court distinguished those cases from the facts in the case at bar by pointing to plaintiff Norman Mahdesian's particular job responsibilities or lack thereof. Mr. Mahdesian was not responsible for loading or unloading the steel from his truck. Defendant has attempted to create a factual question with respect to plaintiff's responsibility to initially secure the chains. However, this fact alone is not sufficient to grant defendant's motion for rehearing. Even if plaintiff did initially secure his load, this Court has ruled that plaintiff was neither loading or unloading his vehicle at the time of his accident. Nor was plaintiff doing any mechanical work on the vehicle. Unlike the plaintiffs in *Raymond* (supra), *Crawford* (supra) and *Grady* (supra), Mr. Mahdesian was not responsible for these activities. Instead, this Court agreed with plaintiff's argument that such a conclusion would require enormous stretching of the language in the statute. Such a broad interpretation would essentially mean that the loading and unloading of a vehicle was a neverending process. According to this Court's opinion, the loading and unloading of a vehicle must stop, at some time, so that the vehicle can be operated and the goods delivered.

Moreover, this Court did not solely rely on the distinguishability of the facts in the case at bar with those in *Raymond, supra, Crawford, supra* and *Grady, supra*. The Court spent a considerable amount of its opinion addressing the inadequacy of the statute. (M.C.L.A. § 500.3106). This Court concluded that the statute was not "a model of drafting excellence." Accordingly, this Court interpreted the terms loading and unloading in a "commonsense fashion." Because loading and unloading cannot be a perpetual cycle, this Court concluded that at the time of his accident, plaintiff was engaged in operating his truck and delivering the steel. In light of the inartful wording of the statute and this Court's refusal to guess at legislative intent, such an interpretation was the most logical and reasonable one available. (Memorandum Opinion and Order, August 13, 1990, 742 F.Supp. 1342, 1352).

Because the statute in the case at bar is so inprecise, because the loading and unloading process must end at some point, and because plaintiff was not responsible for loading and unloading regardless of whether he initially secured the chains this Court is not persuaded that any state law rule has been announced. Nor is this Court convinced that the Michigan Supreme Court would read the statute in a similarly broad fashion.

## II.

Defendant's second basis for reconsideration deals with this Court's failure to address a portion of defendant's summary judgment motion. Specifically, defendant asserts that the Court failed to consider M.C.L.A. § 500.3106(2)(b). The relevant portion of that section states as follows:

(2) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle if benefits under the worker's disability compensation act of 1969, Act No. 317 of the Public Acts of 1969, as amended, being sections 418.101 to 418.941 of the Michigan Compiled Laws, or under a similar law of another state or under a similar federal law are available to an employee who sustains the injury in the course of his or her employment while doing either of the following:

(b) Entering into or alighting from the vehicle unless the injury was sustained while entering into or alighting from the vehicle immediately after the vehicle became disabled. This subdivision shall not apply if the injury arose from the use or operation of another vehicle. As used in this subdivision, 'another vehicle' does not include a motor vehicle being loaded on, unloaded from or secured to, as cargo or freight, a motor vehicle.

According to defendant, plaintiff's injury was incurred while plaintiff was entering into or alighting from the vehicle and thus excluded from coverage by M.C.L.A. § 500.3106(2)(b). This Court acknowledges that it did improvidently fail to address this issue. However, this Court finds that plaintiff was alighting from the vehicle after it had become disabled. Plaintiff was

required to inspect the chains every 150 miles, or every 3 hours, whichever occurred first. While operating his vehicle, plaintiff was informed that his permanently mounted chains had come loose and/or were broken. This Court agrees with plaintiff's argument that when the chains broke or came loose, the heavy load became a potential danger to the driver, the public and the vehicle. This Court finds the unstable load disabled the vehicle and prevented further operation. Without secure chains, the vehicle cannot be properly operated. The parties do not dispute that defendant was alighting from the vehicle when he was injured. However, plaintiff claims, and this Court agrees, that plaintiff's vehicle had become disabled when it was stopped. Accordingly, the injuries plaintiff sustained were received when alighting from a disabled vehicle. As a result, plaintiff is entitled to no-fault benefits under the statute. M.C.L.A. § 500.3106(2)(b).

### CONCLUSION

Based upon the foregoing, this Court finds that no palpable defect exists which could have misled the parties or this Court. Accordingly, defendant's motion for rehearing is hereby DENIED.

IT IS SO ORDERED.