PEREZ v FARMERS INSURANCE EXCHANGE

Docket No. 185979. Submitted May 6, 1997, at Grand Rapids. Decided October 14, 1997, at 9:10 A.M.

Arnulfo Perez brought an action in the Ottawa Circuit Court against Farmers Insurance Exchange, his no-fault insurer, seeking personal protection insurance benefits for injury to his left eye, which was struck by an elastic cord Perez was using to secure bales of hay he had loaded onto a flatbed trailer hitched to his parked pickup truck. On cross-motions for summary disposition, the court, Wesley J. Nykamp, J., granted summary disposition for the defendant, ruling that the injury came within the parked vehicle exclusion of the no-fault act and did not satisfy the loading and unloading exception to the exclusion. MCL 500.3106(1)(b); MSA 24.13106(1)(b). The plaintiff appealed.

The Court of Appeals *held*:

Section 3106(1)(b) provides that accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless the injury was the direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used, or with property being lifted onto or lowered from the vehicle in the loading or unloading process. In this case, the plaintiff's injury was not caused by contact with equipment permanently mounted on the vehicle or by contact with property being loaded or unloaded. The loading and unloading exception to the parked vehicle exclusion does not apply.

Affirmed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — PARKED VEHICLES — LOADING AND UNLOADING EXCEPTION — ELASTIC CORDS SECURING CARGO.

Injury caused to an owner or operator of a parked motor vehicle upon contact with an elastic cord being used to secure cargo on the parked vehicle is not accidental bodily injury for which personal protection insurance benefits under the no-fault act are payable under the loading and unloading exception to the parked vehicle exclusion (MCL 500.3106[1][b]; MSA 24.13106[1][b]).

*Wheeler Upham, P.C.* (by *Gary A. Maximiuk* and *Thomas A. Kuiper*), for the defendant.

Before: YOUNG, P.J., and DOCTOROFF and CAVANAGH, JJ.

YOUNG, P.J. Plaintiff appeals as of right the order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) and denying plaintiff's cross-motion for summary disposition pursuant to MCR 2.116(I)(2) in this action for first-party benefits under the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* We affirm.

I

The essential facts are undisputed. On December 23, 1993, plaintiff, who was self-employed as a concrete contractor, drove his pickup truck, with an attached flatbed trailer, to a farm to pick up a load of straw. The straw was to be used as insulation in the pouring of a concrete floor. After plaintiff and his son loaded the bales of hay onto the trailer, plaintiff sought to secure the load using elastic "bungee cords." As plaintiff was pulling one of the cords, the hook gave way, causing the cord to snap back and strike him in the left eye.

Plaintiff filed suit against defendant, the insurer of his pickup truck, after defendant denied plaintiff's claim for no-fault benefits for medical expenses and wage loss as a result of his eye injury. Defendant moved for summary disposition, arguing that, under MCL 500.3106; MSA 24.13106, plaintiff was not entitled to no-fault benefits because his injury occurred while the pickup truck and trailer were parked. In his cross-motion for summary disposition, plaintiff

argued that subsection 1(b), an exception to the parked vehicle exclusion, applied because his injury occurred while he was in the process of loading straw onto the trailer. In its opinion granting defendant's motion for summary disposition and denying plaintiff's cross-motion, the trial court observed, in pertinent part:

> As to [§ 3106(1)(b)] the injury must result from direct physical contact with equipment permanently mounted on the vehicle. The injury in this case was caused by a "bungee strap"; by no stretch of the imagination could such a device be construed as permanently mounted. Or, the injury must directly result "from property being lifted onto or lowered from the vehicle in the loading or unloading process."
>
> * * *
>
> Section 3106[(1)](b), however, does not state "injury was a direct result of the loading or unloading process", it says " . . . injury was a direct result of *property being lifted onto or lowered from the vehicle in* the loading or unloading process". This injury did not occur when the property was being lifted onto or lowered from the vehicle. [Emphasis in original.]

## II

A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. *Radtke v Everett*, 442 Mich 368, 374; 501 NW2d 155 (1993). The trial court must consider the pleadings, affidavits, depositions, admissions, and other admissible documentary evidence presented. *Patterson v Kleiman*, 447 Mich 429, 432; 526 NW2d 879 (1994). Giving the benefit of reasonable doubt to the nonmoving party, the trial court must determine whether a record might be developed that will leave

open a material issue of fact upon which reasonable minds could differ. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 617-618; 537 NW2d 185 (1995); *Farm Bureau Mut Ins Co v Stark*, 437 Mich 175, 184-185; 468 NW2d 498 (1991). On appeal, a trial court's grant or denial of summary disposition is reviewed de novo. *Michigan Mut Ins Co v Dowell*, 204 Mich App 81, 85-86; 514 NW2d 185 (1995).

The issue here. is whether plaintiff's injury fits within the exception to the parked vehicle exclusion contained in MCL 500.3106(1)(b); MSA 24.13106(1)(b), which provides:

> (1) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless any of the following occur:
>
> &ast; &ast; &ast;
>
> (b) . . . the injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used, or property being lifted onto or lowered from the vehicle in the loading or unloading process.

We conclude that the instant case is controlled by *Dowdy v Motorland Ins Co*, 97 Mich App 242; 293 NW2d 782 (1980), which interpreted the identically worded precursor to § 3106(1)(b).[1] In *Dowdy*, the plaintiff, a truckdriver, was unfastening the tie chains used to secure steel bundles in preparation for delivery when a bundle of steel that had previously been unloaded from another truck fell from the stacks and

---

[1] Despite the *Dowdy* Court's reliance upon *Dembinski v Aetna Casualty & Surety Co*, 76 Mich App 181; 256 NW2d 69 (1977), we note that *Dembinski* did not actually interpret § 3106, but rather an insurance contract that tracked the language of the statute.

pinned his left leg against a tractor wheel. *Id.* at 244-245. The accident caused a severe fracture of the plaintiff's left ankle. *Id.* at 245. Under those facts, the *Dowdy* Court concluded that the previous version of § 3106(1)(b) did not apply and that the plaintiff was therefore not entitled to recovery under the no-fault act on that basis. *Id.* at 247.

Contrary to plaintiff's argument, both *Crawford v Allstate Ins Co*, 160 Mich App 182; 407 NW2d 618 (1987), and *Raymond v Commercial Carriers, Inc*, 173 Mich App 290; 433 NW2d 342 (1988), are inapposite because they construe MCL 500.3106(2)(a); MSA 24.13106(2)(a), a provision that deals exclusively with the coordination of no-fault and worker's compensation benefits.[2] Further, we note that a panel of this Court in *Bell v F J Boutell Driveaway Co*, 141 Mich App 802, 808-810; 369 NW2d 231 (1985), held that while the Legislature, in order to eliminate duplication of benefits for work-related injuries except where the actual driving or operation of a motor vehicle was involved, intended a broad interpretation of the terms "loading" and "unloading" in § 3106(2) to include the complete operation of loading and unloading, § 3106(1)(b) "limits in express terms the meaning of 'loading' and 'unloading.' " *Id.* at 809.

---

[2] Section 3106(2) provides, in pertinent part:

(2) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle if benefits under the worker's disability compensation act of 1969, Act No. 317 of the Public Acts of 1969, as amended . . . are available to an employee who sustains the injury in the course of his or her employment while doing either of the following:

(a) Loading, unloading, or doing mechanical work on a vehicle unless the injury arose from the use or operation of another vehicle.

As in *Dowdy, supra,* plaintiff in this case was not injured because of contact with any equipment permanently affixed to the vehicle, nor was the injury due to contact with property that was being lifted onto or lowered from the vehicle in the loading process. *Id.* Rather, plaintiff's injury occurred after he had finished loading all the straw onto the trailer and while he was securing the load with the bungee cords. Accordingly, because the exception to the parked vehicle exclusion set forth in § 3106(1)(b) is inapplicable, the trial court properly granted defendant's motion for summary disposition.

Affirmed.