# STATE OF MICHIGAN

# COURT OF APPEALS

---

DENICE TAYLOR and JOSEPH TAYLOR,

        Plaintiffs-Appellants,

v

FRANKENMUTH MUTUAL INSURANCE
COMPANY,

        Defendant-Appellee.

UNPUBLISHED
February 15, 2018

No. 335231
Genesee Circuit Court
LC No. 15-105672-NF

---

Before: TALBOT, C.J., and METER and TUKEL, JJ.

PER CURIAM.

In this no-fault action, plaintiffs[1] appeal as of right the trial court's order granting summary disposition to defendant pursuant to MCR 2.116(C)(10). We affirm.

While pumping gasoline into her vehicle at a gas station in Clio, plaintiff tripped over the hose of the gasoline pump and sustained injuries. Plaintiff brought suit in the Genesee Circuit Court, seeking no-fault benefits. The trial court granted summary disposition to defendant after determining that plaintiff's vehicle was parked within the meaning of MCL 500.3106(1) and that no exceptions to the parked-vehicle exclusion for no-fault benefits applied. Plaintiff argues on appeal that although her vehicle was stopped, the parked-vehicle exclusion does not apply under the circumstances. Alternatively, plaintiff argues that if the exclusion applies, the act of pumping gasoline amounts to an exception to the parked vehicle exclusion encompassed by MCL 500.3106(1)(b). We disagree.

"The trial court's ruling on a motion for summary disposition is reviewed de novo on appeal." *ZCD Transp, Inc* v *State Farm Mut Auto Ins Co*, 299 Mich App 336, 339; 830 NW2d 428 (2012). Summary disposition is appropriate if, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). In reviewing a motion brought pursuant to MCR 2.116(C)(10), "this Court considers 'affidavits, pleadings, depositions, admissions, and

---

[1] For ease of reference, we use the singular "plaintiff," referring to the injured party, throughout this opinion.

documentary evidence filed in the action or submitted by the parties, in a light most favorable to the party opposing the motion.' " *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013), quoting *Smith v Globe Life Ins Co*, 460 Mich 446, 454; 597 NW2d 28 (1999), superseded in part on other grounds by statute as stated in *Dell v Citizens Ins Co of America*, 312 Mich App 734, 742; 880 NW2d 280 (2015). "[R]eview is limited to the evidence that has been presented to the circuit court at the time the motion was decided." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 476; 776 NW2d 398 (2009).

Questions of statutory interpretation are also reviewed de novo. *Stanton v City of Battle Creek*, 466 Mich 611, 614; 647 NW2d 508 (2002). "The primary rule of statutory interpretation is that we are to effect the intent of the Legislature." *Id*. at 615. " 'To do so, we begin with the language of the statute, ascertaining the intent that may reasonably be inferred from its language.' " *Odom v Wayne Co*, 482 Mich 459, 467; 760 NW2d 217 (2008), quoting *Lash v Traverse City*, 479 Mich 180, 187; 735 NW2d 628 (2007). If the language is unambiguous, the intent of the Legislature is clear and " 'judicial construction is neither necessary nor permitted.' " *Odom*, 482 Mich at 467, quoting *Lash*, 479 Mich at 187.

MCL 500.3105(1) provides: "Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter." "However, when an injury involves a parked motor vehicle, coverage is generally excluded unless the claimant demonstrates that one of three statutory exceptions applies." *Kemp v Farm Bureau Gen Ins Co of Michigan*, 500 Mich 245, 252; 901 NW2d 534 (2017); see also MCL 500.3106(1). MCL 500.3106 provides:

> (1) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless any of the following occur:
>
> * * *
>
> (b) Except as otherwise provided in subsection (2), the injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used, or property being lifted onto or lowered from the vehicle in the loading and unloading process.
>
> * * *
>
> (2) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle if benefits under the worker's disability compensation act . . . are available to an employee who sustains the injury in the course of his or her employment . . . .

Plaintiff contends that refueling her vehicle constituted "maintenance" within the meaning of MCL 500.3105 and that the exclusionary rule of MCL 500.3106(1) is therefore superseded. We disagree.

In *Heard v State Farm Mut Auto Ins Co*, 414 Mich 139, 143; 324 NW2d 1 (1982), a plaintiff sought to recover no-fault benefits after being struck by a vehicle while he was pumping gasoline. The plaintiff had failed to maintain insurance on his vehicle, and the trial court therefore granted summary disposition to the defendant pursuant to MCL 500.3113.[2] *Id*. The Michigan Supreme Court reversed, concluding that the plaintiff's vehicle was parked within the meaning of MCL 500.3106, and that, therefore, it was not a vehicle "involved in the accident" for purposes of MCL 500.3113. *Id*. at 144-145. Accordingly, because the plaintiff's vehicle was not involved in the accident, it was irrelevant that he failed to maintain insurance, and he could obtain benefits from the insurer of the vehicle that struck him. *Id*. at 145-146. The Court stated that "a parked vehicle is not 'involved in the accident' unless one of the exceptions to the parked vehicle provision (§ 3106) is applicable," and it concluded that none did. *Id*. at 144.

The Court reasoned that the plaintiff should not be punished for failing to maintain insurance because his vehicle might as well have been a "tree or pole" in this particular collision. *Id*. at 149 ("Just as the owner of a tree or pole is not required to purchase no-fault insurance, neither is the insurer of a parked motor vehicle subject to liability for no-fault benefits unless one of the parked vehicle exceptions is applicable."). The Court considered whether *Miller v Auto-Owners Ins Co*, 411 Mich 633; 309 NW2d 544 (1981), disavowed in part as recognized by *Lefevers v State Farm Mut Auto Ins Co*, 493 Mich 960; 828 NW2d 678 (2013)[3] required a different result, but ultimately distinguished *Miller*, finding that "[w]here no-fault liability arises from maintenance, the injury results from use of the vehicle as a motor vehicle, as when a battery or fuel line explodes, or as in *Miller*, a vehicle falls upon and injures a person." *Id*. at 154. Fundamental to the ruling in *Heard* was that the plaintiff's injuries did *not* arise from the "maintenance or use of [his] vehicle as a motor vehicle . . . ." *Id*.

*Heard* requires a conclusion that pumping gasoline is not the type of "maintenance" contemplated by MCL 500.3105(1). Plaintiff's car was "parked," and the parked-vehicle exclusion of MCL 500.3106(1) applies. Given that the exclusion applies, plaintiff is tasked with demonstrating that one of the three statutory exceptions to the exclusion applies in order to recover benefits. *Kemp*, 500 Mich at 252; MCL 500.3106(1). Plaintiff relies on an exception found in MCL 500.3106(1)(b).

---

[2] This section provides, in part, that a person is not entitled to no-fault benefits if the person was the owner of a vehicle "involved in the accident with respect to which the [required] security . . . was not in effect." MCL 500.3113(b).

[3] Plaintiff relies on *Miller* for the proposition that if an injury occurs in the course of performing maintenance on a parked car, no-fault coverage applies. The parties dispute, for various reasons, whether *Miller* can be properly relied upon in the present case and factual circumstances, but we need not delve into this issue because even assuming the validity of the applicable legal principle discussed in *Miller* (that injuries occurring during maintenance on a parked vehicle are covered by the no-fault act), the Michigan Supreme Court in *Heard* essentially concluded that pumping gasoline is not the type of "maintenance" *Miller* considered.

The second clause of MCL 500.3106(1)(b) provides that an injured party may recover benefits despite the parked-car exclusion if "the injury was a direct result of physical contact with . . . property being lifted onto or lowered from the vehicle in the loading or unloading process." See *Adanalic v Harco Nat Ins Co*, 309 Mich App 173, 181; 870 NW2d 731 (2015) (referring to the two distinct scenarios in MCL 500.3106(1)(b)). The trial court did not address the second clause of the statute, and instead based its ruling only on the first clause when it held that plaintiff was not entitled to benefits because the gas hose was not "equipment permanently mounted on the vehicle . . . ." Nevertheless, the trial court reached the correct conclusion.

This Court has noted that the Legislature, in MCL 500.3106(1)(b), "limit[ed] in express terms the meaning of 'loading' and 'unloading.' " *Perez v Farmers Ins Exch*, 225 Mich App 731, 735; 571 NW2d 770 (1997) (quotation marks and citation omitted). Specifically, the statute refers to an injury that is "a direct result of physical contact with . . . property being lifted onto or lowered from the vehicle . . . ." MCL 600.3106(1)(b). The Court in *Kemp*, 500 Mich at 256, emphasized that, for the exception to apply, the injury in question must have been a direct result of physical contact with the property in question. Plaintiff sustained her injuries when she tripped over a coiled gasoline hose as gasoline flowed into her vehicle and she was proceeding towards a trash bin to discard some papers. Her injuries resulted from contact with property coiled on the ground,[4] not contact with property being "lifted onto . . . the vehicle . . . ." MCL 500.3106(1)(b). It was the coiled hose, not the gasoline itself, that caused the injuries, and the coiled hose was not being lifted onto the vehicle.

Plaintiff argues that *Adanalic*, *supra*, instructs that "the gas being pumped and the mechanical device being used to load it into [the] motor vehicle are to be treated as one when it comes to determining if [plaintiff] was injured as 'a direct result of physical contact' with the property being loaded." Plaintiff misreads *Adanalic*. In that case, the plaintiff sustained injuries when unloading a pallet of goods. *Adanalic*, 309 Mich App at 177-178. The fact that he had been in direct physical contact with the pallet was not disputed. *Id*. at 182-183. The insurer argued that coverage did not apply because the plaintiff's injuries did not result from contact with the pallet but rather from contact with the ground. *Id*. at 182. The Court rejected this argument, stating that "[w]hile hitting the ground when falling occurs at a different instant than the moment the fall begins, it begs credulity (and the law of gravity) to suggest that a fall ending in impact with the ground is not a direct process." *Id*. at 183.

Plaintiff states that she "tripped because she made physical contact with the gas pump hose as it was being used to load fuel into her vehicle" and analogizes the hose to the pallet in *Adanalic*. But in *Adanalic*, it was not in dispute that *the pallet* was the property being unloaded. *Id*. at 177, 182-183. Here, it is the *gasoline* that plaintiff argues was being loaded,[5] and she did not have direct contact with the gasoline.

---

[4] Plaintiff stated in her deposition that "[t]he hose was laying on the ground" when she tripped on it.

[5] Plaintiff does not argue that the hose itself was being "lifted onto" her vehicle.

This case is more analogous to *Dowdy v Motorland Ins Co*, 97 Mich App 242, 245; 293 NW2d 782 (1980), wherein the plaintiff was injured while unloading property from a parked truck but the injury was caused by "a bundle of steel which had previously been unloaded from another truck . . . ." The Court held that the injury was not "due to contact with property which was being lifted onto or lowered from the vehicle in the loading process." *Id*. at 247. Similarly, plaintiff's injuries did not result from contact with the property she contends was being loaded, i.e., the gasoline.

Affirmed.


/s/ Michael J. Talbot
/s/ Patrick M. Meter
/s/ Jonathan Tukel