ANTHONY BONGIORNO & another[1] vs. LIBERTY MUTUAL
INSURANCE COMPANY.

Middlesex. February 8, 1994. - March 31, 1994.

Present: WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Practice, Civil*, Summary judgment. *Workers' Compensation Act*, Action
against third person, Recovery from third person, Reimbursement of
insurer. *Lien. Statute*, Construction.

Section 15 of the Workers' Compensation Act, G. L. c. 152, providing that
damages recovered in a third-party action are for the benefit of the
employer's workers' compensation insurer to the extent that the insurer
has paid compensation benefits, was applicable to an injured employee's
recovery in settlement of a malpractice action against attorneys whose
alleged negligence resulted in the dismissal of a third-party action for
injuries suffered by the employee in the course of his employment, and
summary judgment should have been granted for the insurer, which
had intervened in the malpractice action, asserting that, under § 15, it
had a lien on the employee's recovery. [399-402]
In the circumstances of a malpractice action against attorneys whose al-
leged negligence resulted in the dismissal of a third-party workers' com-
pensation action for injuries suffered by an employee in the course of
his employment, a workers' compensation insurer was not estopped, be-
cause of its own conduct during the course of the third-party action,
from asserting that, under § 15 of G. L. c. 152, it had a lien on any
recovery of the employee. [402-403]
A workers' compensation insurer's claim seeking to establish a lien under
G. L. c. 152, § 15, was remanded for further proceedings to approve
the settlement made in a legal malpractice action by the employee and
his wife and to determine, and order paid, the amount due the insurer
on its lien. [403-405]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 20, 1990.

---

[1] Joanne Bongiorno, his wife.

The case was heard by *Charles T. Spurlock*, J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Joseph H. Aronson* for Liberty Mutual Insurance Company, intervener.

*Alice J. Klein* for the plaintiffs.

GREANEY, J. This action presents a question regarding the interpretation of § 15 of the Workers' Compensation Act, G. L. c. 152 (1992 ed.), which permits an action against a party other than an employer when that party may be liable for an employee's injury. Section 15 provides that damages recovered in a third-party action are for the benefit of the workers' compensation insurer to the extent that the insurer has paid compensation benefits. The intervener in this case, Liberty Mutual Insurance Company (Liberty Mutual), asserts that, under § 15, it has a lien on the recovery of the plaintiffs, Anthony and Joanne Bongiorno, husband and wife, in a malpractice action against Paul Vinci, Sr., and Paul Vinci, Jr. (Vincis), who are attorneys.[2] The plaintiffs had retained the Vincis' firm to pursue an action against Browning-Ferris Industries, Inc. (Browning-Ferris), for damages suffered as a result of the husband's injury while at work when he used a product owned and maintained by Browning-Ferris. The action against Browning-Ferris was dismissed, however, allegedly due to the negligence of the Vincis, and the plaintiffs subsequently brought this malpractice action. Because the husband's injuries were suffered in the course of his employment, and the husband had been compensated by Liberty Mutual, his employer's workers' compensation insurer, his claim against Browning-Ferris was governed by G. L. c. 152, § 15. In this case, however, the plaintiffs have entered into a settlement agreement on their malpractice action. Liberty Mutual asserted a lien under § 15 on the malpractice recovery and sought leave, which was granted, to intervene. Liberty Mutual moved for summary judgment. A

---

[2]Neither of the Vincis is involved in this appeal.

judge in the Superior Court granted summary judgment for the plaintiffs, concluding that § 15 did not provide a lien on the malpractice recovery. See Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974).[3] Liberty Mutual appealed, and we transferred the case to this court on our own motion. We conclude that § 15 is applicable to the plaintiffs' recovery in the malpractice action and that summary judgment on that issue should have been granted for Liberty Mutual. Because the record is not sufficient to determine with precision the amount to which Liberty Mutual is entitled, however, further proceedings are necessary.

Viewed in the light most favorable to the plaintiffs, see *Alioto* v. *Marnell*, 402 Mass. 36, 37 (1988), the materials submitted on the summary judgment motion established the following facts. The husband was employed as a cook at Boston College. On November 12, 1984, he received a severe electrical shock when a metal food tray that he was emptying came into contact with an electrically operated dumpster that had a faulty 220-volt connection. The shock caused the husband serious injury, including paralysis and loss of memory. Liberty Mutual paid workers' compensation benefits, which included both initial periodic payments and a final lump sum payment. See G. L. c. 152, § 48 (providing for lump sum agreements).

The plaintiffs retained the Vincis to bring a third-party action in the Superior Court against Browning-Ferris, the owner of the dumpster. The Vincis filed the complaint on June 7, 1985. They did not, however, serve the complaint on Browning-Ferris until September 15, 1988, more than three years later. Browning-Ferris sought dismissal of the action for failure to serve the complaint in a timely fashion. Browning-Ferris's motion was granted, and the action was dismissed. The judgment of dismissal was upheld by the Ap-

---

[3]On the judge's order, judgment entered for the plaintiffs on this claim. We treat this as a final judgment under Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974).

peals Court in an unpublished memorandum of decision under its Rule 1:28. See 28 Mass. App. Ct. 1116 (1990).

The plaintiffs then brought this action in the Superior Court against the Vincis, alleging multiple acts of negligence in their handling of the third-party action against Browning-Ferris. The plaintiffs and the Vincis' legal malpractice insurer have agreed to settle the malpractice action against the Vincis for $475,000.[4] Liberty Mutual filed a notice of lien under G. L. c. 152, § 15, "on any recovery of the plaintiff in this action."

1. The legal issue turns on the interpretation of G. L. c. 152, § 15, which provides that a recovery by an employee in a third-party action is initially for the benefit of the workers' compensation insurer. The relevant portion of the statute reads as follows:

> "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee shall be entitled, without election, to the compensation and other benefits provided under this chapter. Either the employee or insurer may proceed to enforce the liability of such person . . . . The sum recovered shall be for the benefit of the insurer, unless such sum is greater than that paid by it to the employee, in which event the excess shall be retained by or paid to the employee. For the purposes of this section, 'excess' shall mean the amount by which the gross sum received in payment for the injury exceeds the compensation paid under this chapter."

The parties have argued diametrically opposed interpretations of § 15, each supported by cases from other jurisdictions. The plaintiffs seek a literal interpretation of § 15,

---

[4]The settlement agreement is not included in the record. The record does, however, include an affidavit of the plaintiffs' attorney stating that he negotiated a settlement for the Vincis' malpractice insurance policy's limit of $500,000, less $25,000 for defense costs and fees.

under which their malpractice recovery, because it is not for the husband's employment-related injury, is not subject to Liberty Mutual's lien. Liberty Mutual, on the other hand, contends that the purposes of G. L. c. 152, and more specifically its goal of avoiding double recovery, see, e.g., *Hunter* v. *Midwest Coast Transp., Inc.*, 400 Mass. 779, 783 (1987), require the application of § 15 to the malpractice recovery. Courts considering other similar workers' compensation statutes are split, with some holding that a compensation insurer is entitled to assert a lien against a malpractice recovery like the one here, see *McDowell* v. *LaVoy*, 63 A.D.2d 358 (N.Y. 1978), aff'd, 47 N.Y.2d 747 (1979); *Toole* v. *EBI Cos.*, 314 Or. 102 (1992); *Tallerday* v. *Delong*, 68 Wash. App. 351 (1993); and some holding that an insurer is not, see *Fink* v. *Dimick*, 179 F. Supp. 354 (D. Conn. 1959); *Travelers Ins. Co.* v. *Breese*, 138 Ariz. 508 (Ct. App. 1983); *Mt. Pleasant Special Sch. Dist.* v. *Gebhart*, 378 A.2d 146 (Del. Ch. 1977); *Sladek* v. *K-Mart Corp.*, 493 N.W.2d 838 (Iowa 1992).[5]

The judge below concluded that the language of the statute precluded application of § 15 to the malpractice recovery. In so concluding, he relied on its reference to "the injury for which compensation [was] payable" and its provision for

---

[5]Another decision, *Moores* v. *Greenberg*, 834 F.2d 1105 (1st Cir. 1987), is unclear on this issue. *Moores*, which was decided under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950 (1982), considered a malpractice verdict in which the trial judge had instructed that the plaintiff's damages should be reduced by the amount of the compensation insurer's lien, presumably because, if the plaintiff had recovered from the third party the actual amount that he received would have been reduced by the lien amount. *Id.* at 1113. The insurer had not, however, asserted a lien. *Id.* The plaintiff argued that the reduction in his damages was inappropriate because the insurer might assert a lien on the *reduced* damage award. The court rejected that argument, stating that the insurer would have no right to the malpractice proceeds, which were "free and clear of the reach of the statutory lien." *Id.* at 1113-1114. Although the court supported its conclusion on the ground that the negligence injury at issue in the malpractice claim was distinct from the physical injury for which compensation was paid, and the plaintiffs here cite *Moores* as support for their position, the fact is that the court upheld the trial judge's instruction reducing the award by the lien amount. We think that the case is inconclusive.

recovery by the insurer only of amounts obtained through enforcement of "a legal liability in some person other than the insured to pay damages in respect thereof." He reasoned from this language that recovery for a legal malpractice injury is distinct from the original compensable injury and is not subject to § 15.

Although the judge's literal reading of the statute is reasonable, we believe that the result of that approach is not faithful to the general intent and purpose of the Workers' Compensation Act. "[T]ime and again we have stated that we should not accept the literal meaning of the words of a statute without regard for that statute's purpose and history." *Sterilite Corp.* v. *Continental Casualty Co.*, 397 Mass. 837, 839 (1986), and cases cited. The purpose of the Workers' Compensation Act in general, and of § 15, in particular, is better served by applying § 15 to the plaintiffs' legal malpractice recovery.

In their malpractice action, the damages sought by the plaintiffs are those that, but for the Vincis' negligence, they likely would have recovered from Browning-Ferris. As we have recently said regarding a legal malpractice claim: "The original or underlying action is presented to the trier of fact as a trial within a trial." *Fishman* v. *Brooks*, 396 Mass. 643, 647 (1986). If the plaintiffs had tried their malpractice action, they would have been required to establish liability through proof of the Vincis' negligence, and damages through proof of the recovery they would have had in the underlying action, the third-party action against Browning-Ferris. See *id.*; *McLellan* v. *Fuller*, 226 Mass. 374, 379 (1917) (approving jury instruction in legal malpractice action that "the measure of damages is that which the plaintiff might have recovered in the former action"); 1 R.E. Mallen & J.M. Smith, Legal Malpractice § 16.4 (3d ed. 1989 & Supp. 1992) ("Generally, the measure of injury to a cause of action is the value of the claim lost. In other words, the damages are what the client should have recovered . . ."). The damages in the plaintiffs' malpractice claim are thus those that would have been received from Browning-Ferris,

namely, precisely those that § 15 provides should be subject to a claim by a compensation insurer.

The plaintiffs dispute the conclusion that allowing them to receive the entire malpractice recovery would result in a recovery to which they are not entitled. Their basis for contesting this point is the absence of any proof that the settlement amount is sufficient to compensate the husband for all of his injuries. In enacting G. L. c. 152, the Legislature chose to favor certainty and relative administrative convenience over the opportunity for an injured party to obtain full redress in court. It may indeed be the case, as the plaintiffs argue, that they have not been fully compensated even by the total of the benefits received under G. L. c. 152 and the settlement with the Vincis. Nevertheless, we think that the intent and purpose of G. L. c. 152 are better served by treating the malpractice recovery as a third-party recovery subject to Liberty Mutual's lien under § 15. The malpractice recovery serves to compensate indirectly for the same injuries that the workers' compensation benefits paid by Liberty Mutual compensated directly. To enforce the legislative intent of reimbursing workers' compensation insurers before awarding full tort damages to an injured worker, the malpractice recovery should be subject to Liberty Mutual's claim.

2. The plaintiffs contend also that, even if the recovery in the malpractice action would otherwise be subject to § 15, Liberty Mutual should be estopped from asserting its claim because of Liberty Mutual's own conduct during the course of the third-party action. The plaintiffs argue that Liberty Mutual's conduct was inappropriate in two respects. First, Liberty Mutual apparently had doubts regarding the grasp of the third-party action shown by the Vincis,[6] yet it did not thoroughly investigate their handling of the action. Second, despite receiving representations from the Vincis regarding the progress of the case against Browning-Ferris that might

---

[6]After a conversation with one of the Vincis, an employee of Liberty Mutual made the following notation in an internal memorandum: "sounds as if [attorney] does not have good handle on [client] or third party."

have been false,[7] Liberty Mutual has not pursued an action for misrepresentation against them.

In neither case does Liberty Mutual's conduct preclude recovery. Although it is true that Liberty Mutual could have retained its own attorney to protect its interests, *Daly's Case*, 405 Mass. 33, 38 (1989), the third-party action was in fact brought by, and was under the control of, the plaintiffs. If the plaintiffs had wanted to rely on Liberty Mutual's control of the action, they could have allowed Liberty Mutual to bring it. See G. L. c. 152, § 15 (employee has exclusive right to bring third-party action in first seven months following injury, after which either employee or insurer may bring action). Further, the fact that Liberty Mutual might have another avenue to recovery in an action for misrepresentation (a possibility regarding which we express no opinion because the record does not support it) does not preclude assertion of Liberty Mutual's lien. Liberty Mutual was not required to exhaust all possible avenues of recovery before seeking reimbursement under § 15.[8]

3. Our conclusion that the malpractice settlement between the plaintiffs and the Vincis is subject to G. L. c. 152, § 15, is not sufficient to allow us to resolve the case because the record is incomplete in several respects. Liberty Mutual paid both periodic benefits and a final lump sum payment. Liberty

---

[7] The plaintiffs stated in their memorandum in opposition to Liberty Mutual's motion to intervene that a Liberty Mutual employee "discussed the third-party action with Attorney Vinci as late as August 1988, and, in [the employee's] opinion, based on [Vinci's] representations, he was aware of and protecting the Liberty Mutual lien. He advised [the employee] that at that time he did not think there would be substantial recovery on the third-party case." Liberty Mutual submitted an affidavit of the employee with its motion for summary judgment, but that affidavit makes no mention of any representations by the Vincis, other than that they were "pursuing third-party recovery." There is no other record evidence of such representations.

[8] Moreover, in any action for misrepresentation against the Vincis, Liberty Mutual's damages might depend on whether it was entitled under § 15 to the portion of the plaintiffs' recovery that it seeks here. See the discussion of *Moores* v. *Greenberg*, 834 F.2d 1105 (1st Cir. 1987), in note 5, *supra*.

Mutual states that its total payments were $121,170.62, an amount that is not clearly established by the record, and which does not square with the lump sum settlement agreement listing Liberty Mutual's "total payments" as $119,000. The correct amount must be determined on remand.

The lump sum agreement also indicates that, of the total of $119,000, the plaintiffs' attorney in the workers' compensation case received $11,500, and the wife received $32,000 for her "inchoate rights" under G. L. c. 152.[9] Liberty Mutual should receive compensation for these payments if the settlement agreement with the Vincis includes amounts for them. See generally 2A A. Larson, Workmen's Compensation §§ 74.33-74.37 (1993). Because the settlement agreement is not a part of the record, the allocation of the settlement proceeds needs to be determined on remand.

Finally, there is no indication in the record that the settlement agreement between the plaintiffs and the Vincis has been approved, as we think it should be, under G. L. c. 152, § 15. Section 15 requires that "no settlement by agreement shall be made with [a third party] without the approval of either the board, the reviewing board, or the court in which the action has been commenced after a hearing in which both the employee and the insurer have had an opportunity to be heard." Our conclusion that the settlement is subject to the requirements of § 15, applies not only to the distribution of its proceeds, but also to procedural requirements of § 15.

---

[9]The plaintiffs contend that the $32,000 was paid in exchange for the wife's waiver of her potential claim for loss of consortium against her husband's employer. See *Ferriter* v. *Daniel O'Connell's Sons, Inc.*, 381 Mass. 507 (1980). This appears dubious. The lump sum agreement states that the wife, "in consideration of this settlement, join in same and forever release any rights I have or may have, past, present and future, under [G. L. c. 152], the so-called Workmen's Compensation Act." Because the Act does not provide for loss of consortium rights, see *Eisner* v. *Hertz Corp.*, 381 Mass. 127 (1980), the wife's release of her rights under G. L. c. 152 could not have waived any loss of consortium rights. It could, however, have waived her contingent right to dependent's benefits, see *MacFarlane's Case*, 330 Mass. 573, 576 (1953), and other possible future benefits, a possibility that seems likely given the description of the payment to her as for "inchoate rights" under G. L. c. 152.

See *McDowell* v. *LaVoy*, 63 A.D.2d 358 (N.Y. 1978). The settlement is, therefore, subject to a hearing and to approval as provided for by § 15.

4. The judgment is vacated. Further proceedings are to be held, consistent with this opinion, to approve the settlement made in the plaintiffs' malpractice action and to determine, and order paid, the amount due Liberty Mutual on its lien under G. L. c. 152, § 15. After those proceedings, and such other proceedings as may be appropriate, a final judgment is to be entered.

*So ordered.*