GIBSON v AMERICAN MOTORS CORPORATION

Docket Nos. 145175, 145489. Submitted September 20, 1994, at Detroit. Decided November 28, 1994; approved for publication February 2, 1995, at 9:05 A.M.

> Judith K. Gibson brought a products liability action in the Wexford Circuit Court against American Motors Corporation and others, alleging damages arising out of injuries suffered when her Jeep rolled over while she was in the course of her employment with the Detroit Free Press. Sherman L. Gibson, Judith's husband, brought a separate, similar action in the Wexford Circuit Court against the same defendants, alleging damages arising out of his injuries in a separate accident involving his Jeep during the course of his employment with the Detroit Free Press. Sherman Gibson's action was transferred to the Missaukee Circuit Court. Travelers Insurance Company, the Detroit Free Press' worker's disability compensation insurer, and the Second Injury Fund intervened in both lawsuits, claiming a lien on any recovery or settlement proceeds for reimbursement of worker's compensation benefits they had paid to the plaintiffs. Both suits were settled. The Wexford Circuit Court, Charles D. Corwin, J., and the Missaukee Circuit Court, Charles D. Corwin, J., each entered an order that limited the reimbursement of the intervenors to the amounts recoverable under the no-fault act. Travelers appealed each of those orders, and the appeals were consolidated.
>
> The Court of Appeals *held:*
>
> The right of reimbursement of a worker's compensation insurer is limited to the reimbursement that a no-fault insurer is entitled to where the right of reimbursement arises out of a motor vehicle accident that occurred during the course of the injured employee's employment. The fact that the source of the funds for the reimbursement is the settlement of a products liability action does not affect the limitation on the right of reimbursement. Accordingly, the trial courts did not err in limiting the reimbursements.
>
> Affirmed.

*Law Offices of Thomas R. Rensberry, P.C.* (by

*William J. Donoghue, Jr.*), for Judith K. and Sherman L. Gibson.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for Travelers Insurance Company.

Before: NEFF, P.J., and WAHLS and R. D. KUHN,* JJ.

PER CURIAM. Both plaintiffs worked for the Detroit Free Press. Plaintiff Sherman Gibson was injured in a roll-over accident while he was driving a Jeep CJ-7 during the course of his employment in Missaukee County. About one week later, his wife Judith Gibson was also injured in a roll-over accident while driving a Jeep CJ-7 during the course of her employment in Wexford County. The plaintiffs filed separate products liability actions against defendants in the Wexford Circuit Court. The suit filed by Sherman Gibson was transferred to the Missaukee Circuit Court. Travelers Insurance Company and the Second Injury Fund paid worker's compensation benefits to plaintiffs for medical expenses and wage loss. Each insurance company intervened in both lawsuits, claiming a lien on any recovery or settlement proceeds. The cases eventually were settled by the parties. Travelers appeals as of right two orders entered by the circuit courts that limited its reimbursement right to the amounts recoverable under the no-fault act. We affirm.

It is established that a worker's compensation insurance carrier's statutory right of reimbursement under the Worker's Disability Compensation Act is limited to the reimbursement that a no-fault insurance carrier is entitled to under the no-fault act, MCL 500.3116; MSA 24.13116, when an

* Circuit judge, sitting on the Court of Appeals by assignment.

employee is injured in a motor vehicle during the course of employment. *Bialochowski v Cross Concrete Pumping Co,* 428 Mich 219; 407 NW2d 355 (1987); *Great American Ins Co v Queen,* 410 Mich 73; 300 NW2d 895 (1980); *Ryan v Ford Motor Co,* 141 Mich App 762; 368 NW2d 266 (1985). The fact that the settlements were based on a products liability action does not affect this limitation. *Id.* at 768-769. Accordingly, the circuit courts did not err in limiting Travelers' reimbursement right.

Affirmed.