McKENNEY v CRUM & FORSTER

Docket Nos. 179937, 181319. Submitted May 14, 1996, at Detroit. Decided September 6, 1996, at 9:15 A.M.

Michael P. McKenney and others brought an action in the St. Clair Circuit Court against Mercy Hospital, Port Huron; Seng Tire; Ranson Kelly; and others, alleging negligence by Seng Tire and Kelly and medical malpractice by the hospital. The action related to an injury McKenney had sustained while working for Cryogenic Transport when he saved Kelly, a Seng Tire employee, from being injured by a Seng Tire truck. The plaintiffs settled their claims against the defendants. Crum & Forster, Cryogenic's worker's compensation insurer, moved to intervene to assert a worker's compensation lien against the settlement proceeds received from the hospital, seeking recovery of worker's compensation benefits paid to McKenney and that had been coordinated with no-fault benefits paid by Cryogenic's no-fault insurer. The court, Ernest F. Oppliger, J., granted the motion. Crum & Forster filed another motion to intervene, seeking to assert a worker's compensation lien against the proceeds from the settlement with Seng Tire and Kelly. The court, Daniel J. Kelly, J., denied the motion. The plaintiffs appealed the ruling on the first motion (Docket No. 179937) and Crum & Forster appealed the ruling on the second motion (Docket No. 191319). The appeals were consolidated.

The Court of Appeals *held*:

1. The no-fault insurer's payment of no-fault benefits does not bar Crum & Forster from claiming that McKenney was not entitled to no-fault benefits.

2. No-fault benefits were properly paid because McKenney's injury arose out of the use of a motor vehicle as a motor vehicle. MCL 500.3105; MSA 24.13105.

3. Crum & Forster stands in the place of the no-fault insurer and is limited to the reimbursement permitted a no-fault insurer because Crum & Forster paid benefits that substituted for no-fault benefits that would have been paid by the no-fault insurer in the absence of coordination of benefits.

4. A no-fault insurer is not entitled to reimbursement from a plaintiff's recovery from a nonmotorist tortfeasor whose liability

does not arise out of the ownership or operation of a motor vehicle. Crum & Forster is not entitled to assert lien rights against the settlement with the hospital.

5. Because Crum & Forster did not pay worker's compensation benefits in excess of no-fault benefits that McKenney would have otherwise received, it is not entitled to a lien against the settlement with Seng Tire and Kelly.

Order in Docket No. 179937 reversed; order in Docket No. 181319 affirmed.

1. INSURANCE — NO-FAULT — WORKER'S COMPENSATION.

A worker's compensation insurer that pays benefits that are coordinated with no-fault benefits for a work-related injury involving a motor vehicle is not barred as a matter of law from asserting that no-fault benefits should not have been paid.

2. INSURANCE — NO-FAULT — WORKER'S COMPENSATION.

A worker's compensation insurer that pays benefits that are coordinated with no-fault benefits for a work-related injury involving a motor vehicle and that do not exceed benefits that would have been paid as no-fault benefits in the absence of coordination of benefits stands in the place of the no-fault insurer and is limited to the reimbursement permitted a no-fault insurer under the no-fault act.

3. INSURANCE — NO-FAULT — INSURER REIMBURSEMENT.

A no-fault insurer is not entitled to reimbursement from a plaintiff's recovery from a nonmotorist tortfeasor whose liability does not arise out of the ownership or operation of a motor vehicle.

*Mark Granzotto* and *J. Martin Bartnick,* for Michael P. McKenney and others.

*Galbraith & Booms* (by *Steven B. Galbraith* and *Paul B. Hines*), for Crum & Forster.

Before: TAYLOR, P.J., and MURPHY and E. J. GRANT,* JJ.

TAYLOR, P.J. The uncontested facts show that plaintiff Michael McKenney was injured at his place of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

employment, Cryogenic Transport, while trying to prevent defendant Ranson Kelly, an employee of defendant Seng Tire, from being injured by a rolling truck owned by Seng Tire. State Farm (Cryogenic's no-fault carrier) paid plaintiff no-fault benefits for injuries sustained in the accident. Crum & Forster (Cryogenic's worker's compensation insurer) also paid plaintiff worker's compensation benefits. The worker's compensation benefits were coordinated with plaintiff's no-fault benefits such that the no-fault insurer subtracted the worker's compensation benefits from the no-fault benefits that it would otherwise have paid to McKenney. Plaintiffs settled with defendant Mercy Hospital, Port Huron, a claim of medical malpractice, in which it was alleged that the hospital failed to properly treat Michael McKenney's injuries. Plaintiffs settled negligence claims against Seng Tire and Ranson Kelly.

In Docket No. 179937, plaintiffs appeal as of right from an order allowing Crum & Forster to intervene to assert a worker's compensation lien pursuant to MCL 418.827(5); MSA 17.237(827)(5) on plaintiffs' settlement with defendant Mercy Hospital. In Docket No. 181319, Crum & Forster appeals as of right from an order entered by the original judge's successor, who denied its motion to intervene to assert a worker's compensation lien on plaintiffs' settlements with defendants Seng Tire and Ranson Kelly. The appeals were consolidated by this Court. We reverse in Docket No. 179937 and affirm in Docket No. 181319.

In Docket No. 179937, plaintiffs argue that the trial court erred in ruling that Crum & Forster had the right to assert a lien with respect to the settlement they reached with Mercy Hospital. Crum & Forster's

right to intervene was contingent on its right to assert a worker's compensation lien. This issue presents a question of law that we review de novo. *Cardinal Mooney High School v Michigan High School Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991). The trial court determined that the no-fault carrier improperly paid McKenney no-fault benefits, finding that the no-fault act (MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*) did not apply. The trial court held that the truck was the site but not the instrumentality of the accident. We disagree and reverse.

Because Crum & Forster does not allege that any portion of its payments to McKenney was in excess of those available under the no-fault act, there is no question that Crum & Forster would not have been entitled to a lien if no-fault benefits were properly paid. *Gibson v American Motors Corp*, 208 Mich App 470, 471-472; 528 NW2d 742 (1995); *Bialochowski v Cross Concrete Pumping Co*, 428 Mich 219, 225; 407 NW2d 355 (1987), overruled in part on other grounds *Winter v Automobile Club of Michigan*, 433 Mich 446, 458, n 10; 446 NW2d 132 (1989); *Great American Ins Co v Queen*, 410 Mich 73; 300 NW2d 895 (1980).

At the outset we find that State Farm's payment of no-fault benefits does not bar Crum & Forster as a matter of law from claiming McKenney was not entitled to no-fault benefits. It is conceivable that a no-fault carrier, because of a misapprehension of the law or facts or some other reason, would make no-fault payments where none were due. In such a circumstance, the worker's compensation carrier may seek to intervene and can request a determination from the court of the propriety of the payment of no-fault benefits and thus obtain a ruling whether it is barred

from seeking reimbursement. If the court finds under the facts of the case that payment of benefits was improvidently made by the no-fault carrier, the court should grant the motion to intervene so the worker's compensation carrier can assert its lien.

Thus, the issue is whether no-fault benefits were properly paid. We find that they were. The no-fault act is remedial in nature. No-fault benefits are payable for certain accidental bodily injuries arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle. MCL 500.3105; MSA 24.13105. The act must be liberally construed in favor of those for whom benefit was intended, i.e., persons injured in motor vehicle accidents. *Lee v Nat'l Union Fire Ins Co*, 207 Mich App 323, 327; 523 NW2d 900 (1994). Whether an injury arises out of the use of a motor vehicle must be determined case by case. *Gordon v Allstate Ins Co*, 197 Mich App 609, 614; 496 NW2d 357 (1992). In making this determination, the causal connection between the injury and the use of the motor vehicle must be more than incidental, fortuitous, or but for. *Thorton v Allstate Ins Co*, 425 Mich 643, 660; 391 NW2d 320 (1986). In the case at bar, we are convinced that there was a sufficient causal connection between McKenney's injury and Seng Tire's truck. At the time McKenney was injured, the truck's engine was running and the vehicle had just rolled down an incline, trapping Kelly's arm between the door of the vehicle and the door frame of the terminal. McKenney successfully pulled the truck back, freeing Kelly's arm. Inasmuch as the injury occurred while the engine was running and during an attempt to backup the vehicle, we conclude the injury arose out of the use of the truck and,

accordingly, no-fault benefits were properly paid. *Gordon, supra* at 614; *McMullen v Motors Ins Corp*, 203 Mich App 102, 103-105; 512 NW2d 38 (1993); *Thompson v TNT Overland Express*, 201 Mich App 336, 343; 505 NW2d 918 (1993); *Wright v League General Ins Co*, 167 Mich App 238, 244-245; 421 NW2d 647 (1988).

Because Crum & Forster paid McKenney benefits that substituted for no-fault benefits that would have otherwise been paid by the no-fault insurer, it stands in the place of a no-fault insurer and is limited to the reimbursement permitted a no-fault insurer under the no-fault act. *Bialochowski, supra* at 225. Because a no-fault insurer would not be entitled to reimbursement from a plaintiff's recovery from a nonmotorist tortfeasor whose liability arises outside the ownership or operation of a motor vehicle, Crum & Forster, standing in the place of a no-fault insurer, is not entitled to assert lien rights on plaintiffs' settlement with defendant Mercy Hospital. *Gibson, supra*; *Ryan v Ford Motor Co*, 141 Mich App 762, 768-769; 368 NW2d 266 (1985).

In Docket No. 181319, Crum & Forster asserts that the trial court erred in disallowing its intervention with reference to the settlement with Seng Tire and Kelly. We disagree for the reasons set forth above. Crum & Forster stands in the place of a no-fault insurer. If the worker's compensation payments had exceeded the no-fault benefits that plaintiff's no-fault insurer would have paid, Crum & Forster would have been entitled to a recovery according to *Bialochowski, supra* at 224-225. Because Crum & Forster did not pay worker's compensation benefits in excess of no-fault benefits that plaintiff would have otherwise

received, it was not entitled to a lien against plaintiffs' settlement with Seng Tire and Kelly. *Gibson, supra.*

The order at issue in Docket No. 179937 is reversed. The order at issue in Docket No. 181319 is affirmed.