OXLEY v DEPARTMENT OF MILITARY AFFAIRS

Docket No. 193940. Submitted January 14, 1998, at Grand Rapids. Decided January 23, 1998, at 9:25 A.M. Leave to appeal sought.

Claude E. Oxley sought worker's compensation benefits for disabling injuries related to his employment in the Michigan Air National Guard. A worker's compensation magistrate denied Oxley's claim for benefits, concluding that service in the National Guard constitutes federal employment, not state employment, and that Oxley therefore is not covered by the state worker's compensation act, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.* The Worker's Compensation Appellate Commission affirmed. Oxley appealed by leave granted.

The Court of Appeals *held:*

The National Guard Technician Act of 1968, 32 USC 709, made National Guard technician employees such as Oxley nominal federal employees for the very limited purpose of making available to them fringe and retirement benefits of federal employees and coverage under the Federal Tort Claims Act, 28 USC 1346, 2671-2680. The National Guard Technician Act did not affect the authority of the states through their governors and adjutants general to employ, command, and discharge National Guard technicians. Accordingly, under the economic realty test, Oxley was employed by the state of Michigan for purposes of the state worker's compensation act.

Reversed and remanded for further proceedings.

WORKER'S COMPENSATION — NATIONAL GUARD TECHNICIANS.

The National Guard Technician Act of 1968 made National Guard technicians federal employees for the very limited purpose of making available to them fringe and retirement benefits of federal employees and coverage under the Federal Tort Claims Act; Michigan National Guard technicians remain subject to the authority of the Governor and the Adjutant General and are state employees for purposes of the state worker's compensation act (32 USC 709; 28 USC 1346, 2671-2680; MCL 418.101 *et seq.*; MSA 17.237[101] *et seq.*).

*Steeg, Newton, Connelly & Emmons, P.C.* (by *Gary C. Newton*), for the plaintiff.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *George H. Weller* and *Charles L. Jones*, Assistant Attorneys General, for the defendant.

Before: NEFF, P.J., and SAWYER and MURPHY, JJ.

PER CURIAM. Plaintiff appeals by leave granted the March 20, 1996, order of the Worker's Compensation Appellate Commission (WCAC), which affirmed the magistrate's decision that plaintiff is not entitled to benefits because he is not an employee covered by the Worker's Disability Compensation Act.

I

Plaintiff began working for the Michigan Air National Guard in 1967 after several years in the United States Air Force. In order to hold his position, he had to be a member of the Air National Guard. In 1968, plaintiff became an administrative specialist in the personnel office. On January 1, 1969, his position was classified as part of the federal civil service as a result of an act of Congress, the National Guard Technician Act of 1968, 32 USC 709.

Plaintiff filed an application for hearing in September 1990, alleging continuing disability due to work-related injuries. He alleged that the stress and strain of acting as a computer operator without sufficient training caused him to suffer heart attacks in 1985, 1986, and 1987.[1] Plaintiff claimed that he was an employee of both the state of Michigan and the fed-

---

[1] Plaintiff was terminated from military duty because of medical disqualification in October 1986. He is receiving federal disability pension benefits.

eral government. The state claimed that he was an employee of the federal government only.

The magistrate denied plaintiff's claim for benefits, concluding that he is not an employee covered under the Worker's Disability Compensation Act for the following reasons:

> I am most persuaded by the testimony of Major Culbert that plaintiff is to be considered a federal employee for the purpose of worker's compensation. Plaintiff acknowledged that he understood the dual status employment relationship prior to 1969 was specifically abolished by an Act of Congress. At that time his classification was made a federal civil service position. Major Culbert has adequately explained why the chain of command went through the Adjunct General of the Department of Military Affairs. It is clear that the Adjunct General is a federal employee for purposes of administering the technician classification in the Army or Air Force National Guard.
>
> Further evidence that plaintiff is a federal employee and not an employee of the State of Michigan is the fact that plaintiff received his pay through the federal government. Plaintiff's W-2s were received from the federal government annually. Plaintiff draws a pension from the federal government. Plaintiff accumulated sick and vacation time in the federal government civil service system. All of his benefits were provided for through the federal civil service system.
>
> This only speaks to the fact that plaintiff cannot now claim that he was an employee of the state when the clear evidence dictates otherwise. Plaintiff's petition for worker's compensation benefits from the State of Michigan is precluded since plaintiff is not considered to be an employee covered by the Act.

On appeal, the WCAC affirmed. In doing so, the WCAC recognized that this Court had in October 1994 held that service in the National Guard *is* covered employment within the meaning of the Worker's Disability

Compensation Act. *Tulppo v Ontonagon Co*, 207 Mich App 277; 523 NW2d 883 (1994). In that case, the plaintiff was injured in the course of his full-time employment as a deputy sheriff in Ontonagon County. Although he was awarded benefits, he argued that he was entitled to more benefits as a result of his inability to earn wages from the National Guard. The magistrate concluded that National Guard service was not an employment covered by the state act, and the WCAC affirmed. This Court reversed, noting that pursuant to federal and state law, each person enlisting in the Michigan National Guard must sign an enlistment contract and subscribe to an oath to defend both the federal and state constitutions. Because plaintiff was voluntarily in the service of the state and subject to its direction and control, this Court held that under the economic reality test, an employment relationship existed between the state of Michigan and plaintiff for purposes of the worker's compensation statute. *Id.* at 283-284. This Court therefore held that as a matter of law, wages plaintiff earned in the National Guard should be included in the computation of weekly wage-loss benefits. *Id.* at 286. However, this Court also stated:

> We hasten to add that a National Guard member who is injured, disabled, or killed in the course of federal or state service, including required training duty, is limited to compensation benefits available under the Federal Employees' Compensation Act, 5 USC 8101 *et seq.*, or the Michigan Military Act, MCL 32.519; MSA 4.678(119), respectively. This holding is in accord with our state's long-held general rule disfavoring double recoveries. See *Thick v Lapeer Metal Products*, 419 Mich 342, 347; 353 NW2d 463 (1984). Thus, our holding today that National Guard service is covered employment under the state's worker's compensation stat-

ute is strictly limited to the facts as presented in this case. [*Id.* at 285-286.]

On the basis of this limiting language, the WCAC in this case held that the magistrate reached the correct result:

In the case at bar, plaintiff was not involved in any concurrent Michigan employment similar to plaintiff in *Tulppo* who was injured while working for his local sheriff's department. In this case, plaintiff's only job was with the National Guard. His only allegation of injury was while he was a member of "federal or state service," and thus, under *Tulppo*, is "limited to compensation benefits available under the Federal Employees' Compensation Act." The magistrate was correct in her ruling. Affirmed.

This Court granted plaintiff leave to appeal the WCAC's decision.

II

Plaintiff does not dispute that he was a federal employee at all relevant times. However, plaintiff contends that he was also employed by the state for purposes of worker's disability compensation. We agree.

It is undisputed that before the adoption of the Technician Act plaintiff was employed by the state National Guard and therefore by the state. Defendant contends that as a result of the Technician Act plaintiff became a federal employee and ceased being a state employee. However, in *American Federation of Government Employees AFL-CIO, Local 2953 v Federal Labor Relations Authority*, 235 US App DC 104, 113; 730 F2d 1534 (1984), the Federal Court of Appeals for the District of Columbia Circuit explained the purpose of the Technician Act as follows:

The principal purpose of enacting the Technician Act was undoubtedly to provide a *retirement and fringe benefit plan for National Guard technicians.* Critics of the old system complained that the failure of the prior law to provide a comprehensive retirement package acted as a drag on the Guard's efforts to recruit and retain a first-rate cadre of technicians. By providing nominal federal employment status to the technicians, the Act sought to cement their allegiance to their Guard careers. [Emphasis in original.]

Although the federal court did not explicitly hold that technicians are also state employees, the court did hold that the Technician Act made technicians "nominal federal employees" and recognized their continuing military status and the authority of the states over them.

The National Guard Technician Act of 1968 (the "Technician Act") is a special act of Congress enacted for the limited purpose of making fringe and retirement benefits of federal employees and coverage under the Federal Tort Claims Act, 28 USC §§1346, 2671-2680 (1976), available to National Guard technician employees of the various states. It accomplishes this by creating a dual status for such technicians. They are to be considered as federal employees for some purposes but are also to be *members* of the respective state National Guard units where they serve. Since technicians are members of the state National Guard, Congress was careful to recognize the authority of the state. Thus the Secretary of the Army is directed to designate that the state adjutants general "employ and administer the technicians," § 709(c); technicians are required to be *members* of the National Guard and hold the military grade specified for that position, *id.,* (b), (d); the separation of technicians from their employment for failure to meet military security standards, or for other cause is to be effected by the state adjutant general, *id.,* (e)(1), (2), (3); and the adjutant general also is to accomplish a "reduction-in-force, removal, adverse action involving discharge from technician employment, suspension, furlough without pay, or reduction in

rank or compensation," *id.*, (4). In addition a right of appeal from any action taken under (1), (2), (3), or (4), *supra*, does "*not extend beyond the adjutant general . . . ,*" *id.*, (5) (emphasis added).

It thus appears that the scheme of the act is to create the technicians as nominal federal employees for a very limited purpose and to recognize the military authority of the states through their Governors and Adjutants General to employ, command and discharge them. The employment, discipline and discharge of technicians remains [sic] completely with the state officials, and their day to day activities on the job are controlled at the state level. In addition, no appeal lies from personnel decisions of the adjutants general. [*Id.* at 106-108 (emphasis in original).]

Defendant contends that plaintiff and other technicians wear two hats. While acting as technicians they are civilian federal employees, but while acting as members of the National Guard, for example when in training or in actual service, they are members of the military and arguably employed by the state. We disagree, rejecting defendant's "balkanization of technicians' work" for the reasons given by the court in *Wright v Park*, 5 F3d 586, 588 (CA 1, 1993). Even while acting as a technician, plaintiff's work was military in character and he was required to remain a member of the National Guard in order to retain his employment as a technician. Because plaintiff was voluntarily in the service of the state and subject to its direction and control in connection with his work as a technician, under the economic reality test he was employed by the state of Michigan for purposes of the Worker's Disability Compensation Act. *Tulppo*, *supra* at 283-284.

We are mindful that the WCAC relied on certain language in the *Tulppo* opinion to distinguish the instant

case. However, because that portion of the opinion is dictum, not necessary for resolution of the issues presented, it is not binding on this panel. In addition, the reasons given by the Court in *Tulppo* for concluding that a National Guard member who is injured, disabled, or killed in the course of federal or state service is limited to benefits available under the Federal Employees Compensation Act is based on our state's long-held rule disfavoring double recoveries. *Id.* at 285-286. There is no evidence in the instant case that plaintiff is receiving the equivalent of federal worker's disability compensation benefits.

We reverse the holding that plaintiff is not entitled to benefits because he is not an employee covered by the Worker's Disability Compensation Act and remand for further proceedings consistent with this opinion.