591 N.W.2d 221 (1998)
231 Mich. App. 556
In re WORKER'S COMPENSATION LIEN.
Bonnie S. Ramsey and Charles H. Ramsey, Plaintiffs-Appellees, and
The Accident Fund Company, Appellant,
v.
Lawrence D. Kohl, Patrick Nolan, Loeckner & Kohl, P.C., and Crowley Olsman, Nolan & Berman, P.C. d/b/a Woll, Crowley, Berman, Olsman & Nolan, P.C., Defendants-Appellees.
Docket No. 199240.
Court of Appeals of Michigan.
Submitted April 8, 1998, at Lansing.
Decided September 18, 1998, at 9:10 a.m.
Released for Publication December 10, 1998.
*222 Gad L. Holland, Detroit, for Accident Fund Company.
Collins, Einhorn, Farrell & Ulanoff, P.C. (by Noreen L. Slank), Southfield, for Lawrence D. Kohl, Charles H. Ramsey, and others.
Plunkett & Cooney, P.C. (by Christine D. Oldani), Detroit, for Loeckner & Kohl, P.C.
Before: HOOD, P.J., and MARKMAN and TALBOT, JJ.
TALBOT, J.
Plaintiff Charles Ramsey filed a worker's compensation claim against his former employer, E.H. Rowley Company, where he had been employed from 1983 until 1986. In his claim, he alleged that his exposure at work to certain industrial chemicals resulted in a disabling medical condition that began in September 1986. The worker's compensation claim was ultimately redeemed for $65,000 paid by E.H. Rowley's insurer, The Accident Fund Company. Subsequently, plaintiffs hired the defendant law firms and lawyers to pursue a products liability claim against the manufacturers and sellers of certain chemicals that allegedly caused plaintiff to suffer *223 medical injuries.[1] In February 1987, plaintiff filed suit in the products liability case. One year later, plaintiff's suit was dismissed because of defendants' failure to properly serve the products liability complaint. Thereafter, in October 1994, plaintiff brought this action against defendants alleging legal malpractice.
The Accident Fund sought to intervene in order to protect its interest in any recovery by plaintiff from defendants.[2] The trial court denied its motion to intervene, indicating that the Accident Fund would be "protected in some way" if it was later determined that the Accident Fund had a right to some portion of the proceeds. Plaintiff eventually settled with defendants for a total amount of $335,000, and the action was dismissed. Counsel for the Accident Fund, present at the final settlement proceeding, requested that $40,000 from the settlement be put into an escrow account pending a determination of the Accident Fund's right to take pursuant to a worker's compensation lien. The trial court denied this request, noting that the Accident Fund was not a party and that it could start its own lawsuit to protect its claim.
On appeal, the Accident Fund first argues that the trial court erred in denying its motion to intervene. We disagree. A carrier's right to intervene in a third-party action is contingent on its statutory right to assert a worker's compensation lien. McKenney v. Crum & Forster, 218 Mich. App. 619, 621-622, 554 N.W.2d 600 (1996). This is a question of law to be reviewed de novo. Id.
As a general matter, an employer or worker's compensation insurance carrier that has paid benefits to an injured employee is entitled under M.C.L. § 418.827; MSA 17.237(827) to reimbursement from any recovery that the employee obtains in a third-party tort action.[3] See Beaudrie v. Anchor Packing Co., 206 Mich.App. 245, 247-248, 520 N.W.2d 716 (1994); Hearns v. Ujkaj, 180 Mich.App. 363, 367, 446 N.W.2d 657 (1989). Reimbursement is allowed only where the injury, for which compensation is payable, was caused under circumstances creating legal liability in a third party, and only to the extent that the benefits were paid for the same injury. Powell v. Keeler Brass Co., 135 Mich.App. 67, 72, 351 N.W.2d 896 (1984). Here, the third-party suit in which the Accident Fund wishes to assert its statutory lien is not a tort action against the party directly responsible for the worker's injury, but rather *224 a legal malpractice action against the attorneys who allegedly mishandled the injured worker's original tort action. In its brief on appeal, the Accident Fund does not specifically address the issue whether an insurance carrier is entitled to assert a worker's compensation lien against the proceeds of a legal malpractice settlement. Nor did the trial court rule directly on this issue. Nevertheless, we will review the issue because it is a question of law, the necessary underlying facts have been presented, and its resolution is essential to the question presented on appeal. See Atkinson v. Detroit, 222 Mich. App. 7, 11, 564 N.W.2d 473 (1997); Carson Fischer Potts & Hyman v. Hyman, 220 Mich.App. 116, 119, 559 N.W.2d 54 (1996).
The question whether an employer or its insurance carrier may assert a worker's compensation lien against the proceeds of a legal malpractice action is one of first impression in Michigan. Courts in other jurisdictions considering similar provisions are split with regard to the question. Those foreign courts allowing employers or insurance carriers to assert worker's compensation liens on legal malpractice recoveries have relied primarily on (1) the general policy of the reimbursement statutes, which is to prevent injured workers from receiving windfall double recoveries, and (2) the fact that the measure of damages in a legal malpractice action is equivalent to the amount the plaintiff would have otherwise recovered in the underlying tort action (i.e., the "suit within a suit"). See Williams v. Katz, 23 F.3d 190 (C.A.7, 1994); Bongiorno v. Liberty Mut. Ins. Co., 417 Mass. 396, 630 N.E.2d 274 (1994); Frazier v. New Jersey Manufacturers Ins. Co., 142 N.J. 590, 667 A.2d 670 (1995); Toole v. EBI Companies, 314 Or. 102, 838 P.2d 60 (1992). On the other hand, those foreign courts prohibiting employers or insurance carriers from asserting worker's compensation liens on legal malpractice recoveries have relied primarily on the specific language of their respective reimbursement statutes and the notion that a court may not impose a lien in the absence of explicit contractual or statutory authority. See Travelers Ins. Co. v. Breese, 138 Ariz. 508, 675 P.2d 1327 (1983); Woodward v. Pratt, Bradford & Tobin, P.C., 291 Ill.App.3d 807, 226 Ill.Dec. 32, 684 N.E.2d 1028 (1997); Sladek v. K Mart Corp., 493 N.W.2d 838 (Iowa, 1992). The analysis employed by these latter courts more closely reflects our own principles of statutory construction.
The primary goal of judicial interpretation of statutes is to ascertain the intent of the Legislature. Farrington v. Total Petroleum, Inc., 442 Mich. 201, 212, 501 N.W.2d 76 (1993). The first criterion in determining intent is the specific language of the statute. House Speaker v. State Administrative Bd., 441 Mich. 547, 567, 495 N.W.2d 539 (1993). The Legislature is presumed to have intended the meaning it plainly expressed. McFarlane v. McFarlane, 223 Mich.App. 119, 123, 566 N.W.2d 297 (1997). If the plain language of the statute is clear, no further judicial interpretation is necessary. Lorencz v. Ford Motor Co., 439 Mich. 370, 376, 483 N.W.2d 844 (1992).
The clear language of M.C.L. § 418.827; MSA 17.237(827) limits the application of worker's compensation liens to those third-party actions in which recovery is sought from persons liable for causing the injury for which compensation was payable. The first subsection of the statute provides that when "the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof," the injured employee may bring an action against "the third party" in addition to receiving worker's compensation benefits and, if the injured employee does not bring such an action within one year after the occurrence of the injury, then the employer or its insurance carrier "may enforce the liability of such other person." MCL 418.827(1); MSA 17.237(827)(1) (emphasis added). The statute then provides that any recovery from the third-party "shall first reimburse the employer or carrier for any amounts paid or payable" as worker's compensation. MCL 418.827(5); MSA 17.237(827)(5). In this case, defendants (plaintiff's lawyers) did not cause the injury that led to the compensation payments. Put differently, the circumstances that allegedly caused plaintiff's injury did not "create" a *225 legal liability in the defendant lawyers. Accordingly, the statute does not provide for the imposition of a worker's compensation lien on the proceeds of plaintiff's legal malpractice claim against defendants. Cf. Woodward, supra, 291 Ill.App.3d at ___, 684 N.E.2d at 1033.
We are aware of the general policy against double recoveries indicated by M.C.L. § 418.827; MSA 17.237(827), see Great American Ins. Co. v. Queen, 410 Mich. 73, 92, 300 N.W.2d 895 (1980); 6 Larson's Workers' Compensation Law, § 71.20. However, it is not for this Court to enforce the general policy suggested by a statute at the expense of the specific language of the statute. The wisdom of a statute is for the Legislature to decide and the law must be applied as written. Jennings v. Southwood, 446 Mich. 125, 142, 521 N.W.2d 230 (1994); Allstate Ins. Co. v. Dep't of Ins., 195 Mich.App. 538, 547, 491 N.W.2d 616 (1992).
Because M.C.L. § 418.827; MSA 17.237(827) does not provide for the imposition of a worker's compensation lien in this case, we hold that the trial court did not err in denying the Accident Fund's motion to intervene. McKenney, supra at 621-622, 554 N.W.2d 600. We need not address the Accident Fund's argument that it is entitled to reimbursement from plaintiff's recovery despite its failure to formally intervene or its argument that all of the appellees should be held liable for the lien.
Affirmed.
HOOD, P.J., concurred.
MARKMAN, J. (concurring.)
I write separately in order to express my reservations about our holding in this opinion, but nevertheless to join in it. In construing M.C.L. § 418.827; MSA 17.237(827), I believe that considerable respect must be given to the extremely strong public policy contained in Michigan worker's compensation law against the double recovery of benefits. See, e.g., Thick v. Lapeer Metal Products, 419 Mich. 342, 347, 353 N.W.2d 464 (1984) ("The fundamental principle underlying workers' compensation is full compensation for injuries sustained. Equally clear is the proposition that workers' compensation law does not favor double recovery."); Stanley v. Hinchliffe & Kenner, 395 Mich. 645, 657, 238 N.W.2d 13 (1976) ("Double recovery is repugnant to the very principle of workmen's compensation."); Cline v. Byrne Doors, Inc., 324 Mich. 540, 557, 37 N.W.2d 630 (1949) (BUTZEL, J., concurring) ("[I]t is neither within the meaning or the spirit of the act to allow double compensation...."); Oxley v. Dep't of Military Affairs, 227 Mich.App. 528, 535, 575 N.W.2d 820 (1998) (describing "our state's long-held general rule disfavoring double recoveries"); Heinz v. Chicago Rd. Investment Co., 216 Mich.App. 289, 306, 549 N.W.2d 47 (1996) (one "statutory purpose [of the Workmen's Disability Compensation Act (WDCA) is] preventing `double recovery'"); Smeester v. Pub-N-Grub, Inc. (On Remand), 208 Mich.App. 308, 314, 527 N.W.2d 5 (1995) ("[I]t is abhorrent to the fundamental principles of the WDCA to allow any form of double recovery"); Tulppo v. Ontonagon Co., 207 Mich.App. 277, 285, 523 N.W.2d 883 (1994) ("long-held general rule disfavoring double recoveries"); see also Smith v. Physicians Health Plan, Inc., 444 Mich. 743, 757, 514 N.W.2d 150 (1994) (discussing no double recovery in context of no-fault and health insurance policies).
A number of jurisdictions, recognizing similar policies against the double recovery of benefits, have construed similar or identical statutory language in favor of allowing an employer's lien against a legal malpractice award. Williams v. Katz, 23 F.3d 190 (C.A.7, 1994); Utica Mut. Ins. Co. v. Maran & Maran, 142 N.J. 609, 667 A.2d 680 (1995); Frazier v. New Jersey Manufacturers Ins. Co., 142 N.J. 590, 667 A.2d 670 (1995); Bongiorno v. Liberty Mut. Ins. Co., 417 Mass. 396, 630 N.E.2d 274 (1994); Tallerday v. Delong, 68 Wash.App. 351, 842 P.2d 1023 (1993); Toole v. EBI Cos., 314 Or. 102, 838 P.2d 60 (1992). Other jurisdictions have construed such language, as we do here, to preclude such a lien. Moores v. Greenberg, 834 F.2d 1105 (C.A.1, 1987); Woodward v. Pratt, Bradford & Tobin, 291 Ill.App.3d 807, 226 Ill.Dec. 32, 684 N.E.2d 1028 (1997); Sladek v. K Mart Corp., 493 N.W.2d 838 (Iowa, 1992); Wausau Ins. v. Fuentes, 215 N.J.Super. *226 476, 522 A.2d 440 (1986); Travelers Ins. Co. v. Breese, 138 Ariz. 508, 675 P.2d 1327 (1983); Mt. Pleasant Special School Dist. v. Gebhart, 378 A.2d 146 (Del.Ch. 1977).
In my judgment, there is no apparent policy basis for denying an employer or carrier lien under the circumstances of this case. Plaintiff here sought exactly the same damages in his malpractice claim as he would have sought in his tort claim. Had the malpractice claim not been settled, plaintiff would have been required at trial, as part of the "suit within a suit," to establish exactly the same elements of negligence and damages as in his tort claim. The malpractice claim compensated plaintiff for exactly the same injuries for which the tort claim would have compensated him. In addition, the compensation in the malpractice action was measured by exactly the same factors as would have measured his compensation in the tort claim. Plaintiff's malpractice recovery is derivative and duplicative of his tort action.
In short, there is no apparent basis for subordinating Michigan's strong policy against double recovery under the circumstances of this case. To situate plaintiff differently from any other prevailing employee in a tort actionand to situate the Accident Fund differently from any other employer or carrierin terms of the former's obligation to reimburse the latter, is to create a category that lacks any rational justification. One employee, who has gained compensation benefits and who subsequently recovers from a tortfeasor, must reimburse the employer or carrier what they have paid him; however, another employee, identically situated but who is fortunate enough to have his tort lawyer perpetrate malpractice, may recover the same compensation from his lawyer as he was deprived of seeking directly from the tortfeasor, while concomitantly leaving his employer or carrier out in the cold. Indeed, the latter employee can even negotiate a lower recovery with his lawyerin light of his ability to avoid his repayment obligation under M.C.L. § 418.827; MSA 17.237(827) and both the employee and the lawyer come out ahead.[1]
Having said this, and while quite certain that few legislative bodies would countenance the instant result if they had had the occasion to anticipate these circumstances, I am constrained nevertheless to join the majority because I am unable to stretch the language of M.C.L. § 418.827(1), (5); MSA 17.237(827)(1), (5) to cover a lien against a legal malpractice award. Although an overly literalistic interpretation of a statutory provision that is taken out of context and that lacks sufficient regard for the overall purposes of a statute is untenable, Wyandotte Savings Bank v. State Banking Comm'r, 347 Mich. 33, 45, 78 N.W.2d 612 (1956), I cannot fairly read subsection 5 to encompass anything other than a lien on a recovery against a "third party" described in subsection 1, namely a party in whom a "legal liability" has been created for the "injury for which [WDCA] compensation is payable." The defendant law firm simply does not fall within this description. While a lien against the malpractice award may reasonably be said to be within the "spirit" of § 827, ultimately it is not within its language. See The Federalist No. 81 at 542 (Alexander Hamilton) (C. Rossiter ed., 1961) ("The power of construing the laws, according to the spirit of the constitution will enable the court to mould them into whatever shape it may think proper ...."); cf. United Steelworkers v. Weber, 443 U.S. 193, 201, 99 S.Ct. 2721, 61 L.Ed.2d 480 (1979). The "spirit" of a document alone is an inadequate foundation for a judicial decision where the text of the document is readily available.
Therefore, I agree with the majority that "it is not for this Court to enforce the general policy suggested by a statute at the expense of the specific language of the statute." Ante at 225. Rather it is now the responsibility of the Legislature to review our decision *227 and determine whether these results are in accordance with its current intentions.
NOTES
[1] Plaintiff Bonnie Ramsey's sole claim in the tort action underlying the instant malpractice case was for the loss of the society of her husband, plaintiff Charles Ramsey. For the sake of clarity, we will refer to Charles Ramsey alone as plaintiff.
[2] Although intervention is not necessary to assert a worker's compensation lien, the better practice is to formally intervene. See Ohio Farmer's Ins. Co. v. Neff, 112 Mich.App. 53, 57-58, 315 N.W.2d 553 (1981).
[3] MCL 418.827; MSA 17.237(827) provides in pertinent part:

(1) Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies but the injured employee or his or her dependents or personal representative may also proceed to enforce the liability of the third party for damages in accordance with this section. If the injured employee or his or her dependents or personal representative does not commence the action within 1 year after the occurrence of the personal injury, then the employer or carrier, within the period of time for the commencement of actions prescribed by statute, may enforce the liability of such other person in the name of that person.... Any party in interest shall have a right to join in the action.
* * * * * *
(5) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his or her dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the balance shall immediately be paid to the employee or his or her dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits.
[1] There is also the greater potential for gamesmanship on the part of the employee and his lawyer in structuring a malpractice settlement so as to place it beyond the reach of the employer's lien. Whether this has occurred in the instant case, as asserted by the Accident Fund, cannot be determined in light of the trial court's (and this Court's) threshold finding that the law does not permit a lien under the circumstances of this case.